UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Y & Z WORLD DEVELOPMENT INC.,                 :   Civil Action No. 17-cv-4864
                                              :
                       Plaintiff,             :
                                              :
v.                                            :
                                              :
HANGZHOU ZHONGDEE TRADING CO.,                :   COMPLAINT
LTD., US-CHINA ASSETS MANAGEMENT              :
USA, LLC, HAISHAN LIU, AND                    :
FRANK ZHANG                                   :
                                              :
                                              :
                                              :
------------------------------------------------------------x

Plaintiff, Y & Z World Development Inc. ("Y & Z" or "Plaintiff"), as and for its complaint against Defendants Hangzhou Zhongdee Trading Co., Ltd. ("Zhongdee"), US-China Assets Management USA, LLC ("US-China Assets"), Haishan Liu ("Liu"), and Frank Zhang ("Zhang") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION AND THE PARTIES

1.      This is a suit by Y & Z against Defendants for a permanent injunction, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, and attorneys' fees for Defendants willful and malicious counterfeiting of Defendants marks through sale, offers for sale, distribution, promotion and advertisement of clothing bearing Y & Z's federally registered trademark.

2.      Plaintiff, Y & Z, is a New York corporation with its principal place of business located in Manhattan, New York.

3.      Zhongdee is a private limited company operating in China. Zhongdee is engaged in the importation, promotion and sale of counterfeit products which infringe upon Plaintiff's trademark rights and constitute false designation of origin with respect to Plaintiff's genuine products.

{N0151332 }

4. US-China Assets is a New York limited liability company which is based in Woodside, New York. US-China Assets is engaged in the importation, promotion and sale of counterfeit products which infringe upon Plaintiff's trademark rights and constitute false designation of origin with respect to Plaintiff's genuine products.

5. Liu is a citizen of New York. Liu is the conscience, dominant and active force behind the wrongful acts of US-China Assets, which wrongful acts he engaged in for the benefit of the US-China Assets and for his own individual benefit. Liu, individually and through the US-China Assets entity he controls, is engaged in the importation, promotion, and sale of counterfeit products which constitute false designation of origin and unfair competition with respect to Plaintiff's genuine products.

6. Zhang is a citizen of China. Zhang is the conscience, dominant and active force behind the wrongful acts of Zhongdee, which wrongful acts he engaged in for the benefit of the Zhongdee and for his own individual benefit. Zhang, individually and through the Zhongdee entity he controls, is engaged in the importation, promotion, and sale of counterfeit products which constitute false designation of origin and unfair competition with respect to Plaintiff's genuine products.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial portion of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

**Y & Z's Business Model:**

9. In October, 2003, Y & Z began to manufacture and sell clothing under the name WD•NY.

10. WD•NY, though Y & Z, is a purveyor of affordable stylish and versatile wardrobe essentials for both men and women. WD•NY clothing is sold throughout the United States at retail locations such as Target, Kohls, and Macy's. The WD•NY brand is known for vibrant patterns and prints, innovative fabrications, and comfortable and easy-to-wear silhouettes. WD•NY's tops, pants, skirts, dresses, and jackets are designed, merchandised, and marketed for each fashion season. WD•NY has a reputation for the highest quality control, consistent fit and sizing, and a strong cost-value ratio.

11. WD•NY branded products that are manufactured for sale and use in the United States are made to precise specifications, and must meet certain quality standards. WD•NY has developed a number of programs for its authorized retailers to provide the ultimate consumer with product support, marketing, and the highest quality customer service.

12. Men's and women's clothing is very seasonal in nature with constant changes in fashion trends. One reason that Y & Z is so selective in choosing retail partners for the WD•NY brand is to ensure that a retail partner ordering a product does not order more than they will be able to sell during the fashion season; in this way, WD•NY substantially reduces the risk that inventory will remain unsold at the end of the fashion season. Such unsold inventory requires deep discounting.

**The WD•NY Trademark:**

13. Y & Z filed with the United States Patent and Trademark Office ("USPTO") to trademark the name WD•NY on August 25, 2004. The WD•NY trademark was registered with the USPTO on February 6, 2007.

14. The WD•NY trademark identifies high quality products originating with WD•NY. Y & Z is the sole distributor of clothing bearing the WD•NY trademark both in the United States and worldwide. Based upon Y & Z's extensive advertising, sales, and the wide popularity of WD•NY's products, the WD•NY trademark has acquired secondary meaning so that any product and advertisement bearing such mark is immediately associated by consumers, the public, and the garment trade as being a product and affiliate of WD•NY. WD•NY has gone to great lengths to protect its name and enforce the WD•NY trademark.

**Y & Z's Business Relationship with Zhongdee**

15. Zhongdee was formerly a longstanding manufacturer of the WD•NY product line. WD•NY chose Zhongdee to be its manufacturer due to the longstanding business relationship between one of Y & Z's executives and Zhang, who is a principal of Zhongdee.

16. The business relationship between Y & Z and Zhongdee began to deteriorate in 2010. During that time, Zhongdee was late in manufacturing a number of WD•NY branded clothing products. As a consequence of this, many retail stores cancelled large orders of the WD•NY branded clothing because products could not be delivered before the season for the particular item had concluded. Y & Z lost millions of dollars in sales during that time as well as a significant loss in future earnings and goodwill with its retail partners.

17.     As a direct consequence of Zhongdee's failure to timely manufacture WD•NY clothing for Y & Z in 2009, the manufacturing services of Zhongdee were no longer utilized by Y & Z.

**Zhongdee's Duplicitous Conduct**

18.     Beginning in 2010, Zhongdee and Zhang began to import unauthorized WD•NY trademarked products into the United States from China (the "Unauthorized Products").  It is unclear if the Unauthorized Products were products produced for Y & Z bearing the WD•NY trademark that were never shipped to Y & Z in the United States, or if Zhongdee and Zhang have continued to produce garments bearing the WD•NY trademark after the relationship between Y & Z and Zhongdee was terminated.  These garments were imported into the United States by Zhongdee under the express authorization and direction of its principal, Zhang.

19.     Once in the United States, the Unauthorized Products were sold by Liu, through US-China Assets, an entity which he controls.  Liu and US-China Assets were and are aware that the Unauthorized Products are not genuine WD•NY products.

20.     The Unauthorized Products have been sold to wholesale garment stores, who sell at deep discounts from the typical retail price as well as at trade shows for the garment industry in the Javits Center in Manhattan.  This is of course in direct contrast to the careful curating of retail partners conducted by Y & Z.

21.     The spurious marks or designations contained in the Unauthorized Products used by Defendants in interstate commerce are identical with, or substantially indistinguishable from, the WD•NY trademark on goods covered by the WD•NY trademark.

22.     The acts of defendants are calculated to confuse and to deceive the public and are performed with full knowledge of WD•NY's rights.

23. WD•NY has not authorized or consented in any way to the use by Defendants of the WD•NY registered trademark in the Unauthorized Products.

24. The use by Defendants of the WD•NY trademark is likely to cause consumers, the public, and the trade to believe erroneously that the goods sold by Defendants emanate or originate from Y & Z, or that said items are authorized, sponsored, or approved by Y & Z, even though they are not.

25. This confusion causes irreparable harm to Y & Z and weakens the distinctive quality of the WD•NY trademark.

26. By using counterfeits and infringements of the WD•NY trademark on the Unauthorized Products, Defendants are trading on the goodwill and reputation of WD•NY and creating the false impression that Defendants' goods are WD•NY's legitimate products.

27. Defendants have been unjustly enriched by illegally using and misappropriating WD•NY's intellectual property for Defendants' own financial gain.

28. Furthermore, Defendants have unfairly benefited and profited from WD•NY's outstanding reputation for high quality products and its significant advertising and promotion of WD•NY products and the WD•NY trademarks.

29. Defendants have disparaged WD•NY and the WD•NY trademarks by creating a false association with WD•NY, its genuine goods, and the WD•NY trademark.

30. Y & Z has had no control over the nature and quality of the products sold by Defendants bearing counterfeits and infringements of the WD•NY trademark.

31. Among other things, Defendants' distribution, sale, offers of sale, promotion, and advertisement of its products has reflected adversely on WD•NY as the believed source of origin thereof, hampered continuing efforts by Y & Z to protect its outstanding reputation for

high quality, and tarnished the goodwill and demand for genuine WD•NY products and will continue to do so.

32. Defendants have acted with reckless disregard for Y & Z's rights or were willfully blind in connection with their unlawful activities.

33. Defendants have willfully and maliciously engaged in their counterfeiting and infringing activities.

34. As a result of the foregoing, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

35. Y & Z has suffered irreparable harm and damages as a result of the acts of defendants in an amount thus far not determined.

36. The injuries and damages sustained by Y & Z have been directly and proximately caused by Defendants' wrongful advertisement, promotion, distribution, sale, and offers of sale of their goods bearing infringements or counterfeits of the WD•NY trademark.

37. All conditions precedent to bringing this lawsuit have either occurred or been waived.

38. Plaintiff has retained the undersigned law firm to prosecute the instant lawsuit and has agreed to pay reasonable attorneys' fees and costs for which Defendants should be responsible pursuant to controlling law.

## COUNT ONE
### Federal Trademark Counterfeiting (15 U.S.C. §1114)

39. Plaintiff re-alleges paragraphs 1 through 38 as if fully alleged herein.

40. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the WD•NY trademark on goods covered by registrations for the WD•NY trademark.

41.     Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale, and distribution of the Unauthorized Products.

42.     Defendants' use of the WD•NY trademark to advertise, promote, offer for sale, distribute, and sell Defendants' garments was and is without the consent of Y & Z.

43.     Defendants' unauthorized use of the WD•NY trademark as set forth above is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' garments are the same as WD•NY trademarked garments or that Defendants are authorized, sponsored, or approved by WD•NY to use the trademark, or that Defendants are affiliated, connected or associated with or in some way related to WD•NY; and (c) result in Defendants unfairly benefiting from Y & Z's advertising and promotion and profiting from the reputation of the WD•NY trademark all to the substantial and irreparable injury of the public, Y & Z, and the WD•NY trademark.

44.     Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

45.     Defendants' acts are both willful and malicious.

46.     By reason of the foregoing, Defendants are liable to Y & Z for: (a) statutory damages in the amount of up to $1,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Y & Z's election, an amount representing three (3) times Y & Z's damage or Defendants' illicit profits; and (b) reasonable attorney's fees and pre-judgment interest pursuant to 15 U.S.C. §1117(b).

## COUNT II
### Federal Trademark Infringement (15 U.S.C. §1114)

47.     Plaintiff re-alleges paragraphs 1 through 46 as if fully alleged herein.

48. Based on Y & Z's extensive advertising under the WD•NY trademark and its extensive sales and the wide popularity of WD•NY branded garments, the WD•NY trademark has acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliated with WD•NY.

49. Defendants' activities constitute Defendants' use in commerce of the WD•NY trademark.

50. Defendants have used the WD•NY trademark, knowing they are the exclusive property of Y & Z, in connection with Defendants' sale, offers for sale, distribution, promotion and advertisement of the Unauthorized Products.

51. Defendants' activities create the false and misleading impression that defendants are sanctioned, assigned, or authorized by WD•NY to use the WD•NY trademark to advertise, manufacture, distribute, appraise, offer for sale or sell the Unauthorized Products.

52. Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that Defendants garments are in some way sponsored, affiliated, or associated with the WD•NY brand when in fact they are not.

53. Defendants' use of the WD•NY trademark has been without the consent of Y & Z, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Y & Z when, in fact, they are not.

54. Defendants' unauthorized use of the WD•NY trademark has resulted in Defendants unfairly benefiting from the advertising and promotion, and reputation of the WD•NY trademark.

This has caused substantial and irreparable injury of the public, Y & Z, the WD•NY trademark, and the substantial goodwill represented thereby.

55. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

56. By reason of the foregoing, Defendants are liable to Y & Z for: (a) an amount representing three times Y & Z's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT III
### False Designation of Origin and Unfair Competition (15 U.S.C. §1125(a))

57. Plaintiff re-alleges paragraphs 1 through 56 as if fully alleged herein.

58. In connection with Defendants' advertisement, promotion, distribution, sales and offers of sales of their goods, Defendants have used in commerce the WD•NY trademark.

59. In connection with Defendants' advertisement, promotion, distribution, sales and offers of sales of their goods, Defendants have affixed, applied and used false designations of origin and false and misleading descriptions and representations, including the WD•NY trademark, which tends falsely to describe the origin, sponsorship, association or approval by Y & Z of the goods Defendants sell.

60. Defendants have used the WD•NY trademark with full knowledge of the falsity of such designations of origin, descriptions, and representations, all to the detriment of Y & Z.

61. Defendants' use of the WD•NY trademark in connection with the Unauthorized Products tends to falsely describe or represent Defendants and Defendants' Unauthorized Products as being authorized, sponsored, affiliated, or associated with Y & Z and the WD•NY trademark.

62.  Defendants have used the WD•NY trademark to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of the WD•NY trademark, and to improperly appropriate to themselves its valuable trademark rights.

63.  Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Defendants' products as those of Y & Z in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

64.  By reason of the foregoing, Defendants are liable to Y & Z for: (a) an amount representing three times Y & Z's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Y & Z respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A.  Permanently enjoining Defendants and their officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any Unauthorized Products as that term is defined herein.

B.  Requiring disgorgement of Defendants' profits from the false designation pursuant to 15 U.S.C. § 1117(a)(1);

C.  Awarding monetary damages suffered by Plaintiff pursuant to 15 U.S.C. § 1117(a)(2);

D. Awarding the costs of the action pursuant to 15 U.S.C. § 1117(a)(3);

E. Finding that that this is an exceptional case and awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

F. Awarding for treble damages pursuant to 15 U.S.C. § 1117(a) due to Defendants' deliberate, willful, and fraudulent use of the WD•NY trademark.

G. Awarding Plaintiff any such other relief as this Court may deem just and proper.

Dated: June 27, 2017                                        Respectfully submitted,

**BECKER & POLIAKOFF, LLP**
*Attorneys for Plaintiff*

By:      /s/ Oliver Edwards
      Oliver Edwards (OE1067)
      45 Broadway, 8th Floor
      New York, New York 10006
      Telephone:    212.599.3322
      Facsimile:    212.557.0295
      oedwards7@bplegal.com

and

**BECKER & POLIAKOFF, P.A.**
Attorneys for Plaintiff
Evan B. Berger, Esq.
1 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
Eberger@bplegal.com
(*pro hac vice* application to be submitted)